# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVY NIXON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-05303-MMG |
| | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| CVS HEALTH CORPORATION, KAREN S. LYNCH, SHAWN M. GUERTIN, and THOMAS F. COWHEY, | |
| Defendants. | |
| ORLANDO TATONE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-06771 |
| | <u>CLASS ACTION</u> |
| Plaintiff, | |
| v. | |
| CVS HEALTH CORPORATION, KAREN S. LYNCH, SHAWN M. GUERTIN, and THOMAS F. COWHEY, | |
| Defendants. | |

**JOINT DECLARATION OF OSEY MCGEE, JR., GINO BENEDETTI, AND ORNEL COTERA IN SUPPORT OF THE MOTION OF THE PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

We, Osey "Skip" McGee Jr., Gino Benedetti, and Ornel Cotera, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs"), Southeastern Pennsylvania Transportation Authority ("SEPTA"), and City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami FIPO," and collectively with Louisiana Sheriffs and SEPTA, the "Pension Funds") for appointment as Lead Plaintiff and approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Bleichmar Fonti & Auld LLP ("BFA") to serve as Lead Counsel for the proposed class in the securities class action against CVS Health Corporation ("CVS" or the "Company") and certain of its current and former senior executives (collectively, "Defendants"). We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on the Lead Plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the action. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are respectively associated.

2.      I, Osey "Skip" McGee Jr., am the Executive Director of Louisiana Sheriffs and am authorized to make this declaration on behalf of Louisiana Sheriffs. Louisiana Sheriffs is a public pension fund that provides pension and other benefits for sheriffs, deputy sheriffs, and tax collectors in the State of Louisiana. Louisiana Sheriffs manages assets for the benefit of these active and retired employees and their beneficiaries. As reflected in its certification, Louisiana Sheriffs purchased CVS securities during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

3. Louisiana Sheriffs understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Louisiana Sheriffs' familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including working together with SEPTA and other institutional investors. Indeed, Louisiana Sheriffs has achieved outstanding results for investors when serving as a lead plaintiff or class representative in other securities class actions, having recovered over $3 billion for investors in those cases. *See, e.g.*, *In re Wells Fargo & Co. Sec. Litig.*, No. 20-cv-4494 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside three other institutional investors, with Bernstein Litowitz as co-lead counsel, and recovered $1 billion for investors); *In re Citigroup Inc. Bond Litig.*, No. 08-cv-9522 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside six other institutional investors, with Bernstein Litowitz as lead counsel, and recovered $730 million for investors); *In re Luckin Coffee Inc. Sec. Litig.*, No. 20-cv-1293 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside another institutional investor, with Bernstein Litowitz as co-lead counsel, and recovered $175 million for investors); *La. Sheriffs' Pension & Relief Fund v. Merrill Lynch & Co.*, No. 08-cv-9063 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside another institutional investor, with Bernstein Litowitz as lead counsel, and recovered $150 million for investors).

4. I, Gino Benedetti, am the General Counsel of SEPTA and am authorized to make this declaration on behalf of SEPTA. SEPTA is a regional public transportation authority that operates across five counties in and around Philadelphia, Pennsylvania. SEPTA manages assets on behalf of participants in SEPTA's five single-employer, defined benefit pension plans for all, non-regional-rail union employees in Southeastern Pennsylvania. As reflected in its certification,

3

SEPTA purchased CVS securities during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

5.    SEPTA understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  SEPTA's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including working together with Louisiana Sheriffs and other institutional investors.  SEPTA served as lead plaintiff in *Deora v. NantHealth, Inc.*, No. 17-cv-1825 (C.D. Cal.), with BFA serving as additional counsel, and in *Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services, Inc.*, No. 12-cv-993 (M.D. Pa.), in which SEPTA achieved recoveries of $16.5 million and $15 million, respectively.  In addition, SEPTA served as lead plaintiff alongside another institutional investor in *In re Michael Baker Corp. Securities Litigation*, No. 08-cv-370 (W.D. Pa.), which resulted in a recovery of $4.5 million for investors.

6.    As noted, Louisiana Sheriffs and SEPTA have a relationship that predates the filing of this motion by fifteen years, having previously served together as lead plaintiff alongside another institutional investor, with Bernstein Litowitz as co-lead counsel, in *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y.), in which they achieved a $627 million recovery for investors.  Additionally, in *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.), Louisiana Sheriffs, as a co-lead plaintiff, and SEPTA, as a named plaintiff, worked together with other institutional investors and with Bernstein Litowitz as lead counsel, to recover $125 million for investors.

7.    I, Ornel Cotera, am the Chair of Miami FIPO and am authorized to make this declaration on behalf of Miami FIPO.  Miami FIPO is a public pension fund that provides retirement benefits for firefighters and police officers of Miami, Florida.  As reflected in its

certification, Miami FIPO purchased CVS securities during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

8.      Miami FIPO understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Miami FIPO's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including working together with another institutional investor. Miami FIPO served as lead plaintiff alongside another institutional investor, with Bernstein Litowitz as co-lead counsel, in *In re Quality Systems, Inc. Securities Litigation*, No. 13-cv-1818 (C.D. Cal.), and achieved a $19 million recovery for investors.  Miami FIPO also served as co-lead plaintiff, with Bernstein Litowitz as co-lead counsel, in *In re Penn West Petroleum Ltd. Securities Litigation*, No. 14-cv-6046 (S.D.N.Y.), and recovered $19.8 million for investors.

9.      The Pension Funds are each highly motivated to recover the losses that they and the class incurred as a result of Defendants' alleged violations of the federal securities laws.  The Pension Funds' primary goal in this litigation is to maximize the class's recovery from all potentially culpable parties.  Accordingly, the Pension Funds believe that it is important for this case to be led by committed institutional investors with experience leading class action lawsuits under the PSLRA and supervising the work of outside counsel, as well as a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the class.

10.     The Pension Funds each followed their own deliberative process to determine whether to seek a leadership role in this action.  As part of these processes, which included full consideration of the merits of CVS investors' claims by decision-makers for each institution, the

Pension Funds each independently determined to seek appointment as Lead Plaintiff in this case, and informed their respective counsel of their decision.

11.    In exploring their decision to pursue a leadership position in this case, the Pension Funds each considered whether there would be an opportunity to work with other institutional investors in seeking Lead Plaintiff appointment, and whether doing so would be in each of their respective interests and in the best interests of the class.  Given Louisiana Sheriffs' and SEPTA's pre-existing relationship, and the Pension Funds' prior experiences working together as part of lead plaintiff groups to prosecute securities fraud claims, the Pension Funds recognize the benefits to the class that result from having a small, cohesive group of sophisticated institutions cooperate in the prosecution of complex securities actions.  Based on those prior experiences, the Pension Funds each independently determined that serving as Lead Plaintiff together would allow them to maximize the recovery for all class members, and approved the filing of their joint motion.  The Pension Funds' decision to jointly seek appointment as Lead Plaintiff was also informed by their roles as fiduciaries and their shared goals and interests in protecting and maximizing pension fund assets.

12.    The Pension Funds agree that their partnership is well-suited for this litigation and will further the interests of the class.  The Pension Funds understand that the PSLRA and courts throughout the country, including courts in this District, permit groups of institutional investors to serve as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class. Based on their prior experiences serving as lead plaintiffs with other institutional investors in other securities class actions, the Pension Funds believe that their joint oversight of the action can benefit

the class by allowing them to share perspectives, experiences, and resources, and provide input on case strategy. The Pension Funds intend to prosecute this action in such a collaborative manner.

13. Before seeking appointment as Lead Plaintiff, representatives of the Pension Funds participated in a conference call to discuss their leadership of this litigation and commitment to jointly prosecute this action. During this call, representatives of the Pension Funds discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' alleged misconduct; the strategy for the prosecution of this litigation; their shared interest in serving jointly as Lead Plaintiff in this case and their commitment to take an active role in supervising the prosecution of the action; and the benefits that the class would receive from their joint leadership of the case. The Pension Funds believe that by working together they will ensure that the class's claims are efficiently and zealously prosecuted through their oversight of proposed Lead Counsel, Bernstein Litowitz and BFA.

14. The Pension Funds intend to share their perspectives, experiences, and resources to direct this litigation. Representatives of the Pension Funds have discussed with each other the importance of joint decision-making and maintaining open lines of communication, and we have acknowledged that the Pension Funds have in place procedures that will enable each of them to confer, with or without their counsel, via telephone and/or email on short notice to ensure that they are able to make timely decisions.

15. The Pension Funds intend to communicate with proposed Lead Counsel, and with each other separately from proposed Lead Counsel, as often as necessary to discuss major litigation developments and to ensure the vigorous and efficient prosecution of the action. Given the common goals and incentives of the Pension Funds to maximize the class's recovery in this case, as well as their shared roles as fiduciaries to protect and maximize assets held for the benefit of

7

their funds' participants, the Pension Funds do not envision having any dispute relating to their oversight of this action.  However, in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution.

16.    The Pension Funds also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable cost.  The Pension Funds decided to jointly seek appointment as Lead Plaintiff, in part, because of their shared desire to ensure that this action is prosecuted in an efficient and economical manner.  As Lead Plaintiff, the Pension Funds will ensure that Lead Counsel only acts pursuant to their mandate.  With respect to the Pension Funds' selected counsel, Bernstein Litowitz and BFA, we believe that the class will benefit from having law firms that are highly experienced in prosecuting complex securities class actions successfully as lead counsel.

17.    The Pension Funds are familiar with the experience, resources, and qualifications of Bernstein Litowitz and BFA, and are aware that they are accomplished law firms that have achieved significant recoveries from defendants in securities class actions like this case, as well as other shareholder lawsuits.  The Pension Funds are also aware that Bernstein Litowitz and BFA have previously worked together as co-lead counsel in *In re MF Global Holdings Limited Securities Litigation*, No. 11-cv-7866 (S.D.N.Y.), which resulted in a total recovery of $234.3 million for investors, and in *In re Genworth Financial Inc. Securities Litigation*, No. 14-cv-682 (E.D. Va.), which resulted in a $219 million recovery for investors.  As a result, the Pension Funds each fully believe that, under their leadership, Bernstein Litowitz and BFA will prosecute this litigation in a zealous and efficient manner, and in the best interests of the class.  That belief is

8

further informed by the Pension Funds' prior experience as lead plaintiff overseeing the work of Bernstein Litowitz or BFA.

18. The Pension Funds reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, the Pension Funds will ensure that the securities class action against Defendants will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class.

**[REMAINDER INTENTIONALLY BLANK]**

I declare, based on my own knowledge and information provided to me by legal counsel, that the foregoing statements relating to Louisiana Sheriffs are true to the best of my knowledge. Executed this 9th day of September, 2024.

_____
Osey "Skip" McGee Jr., Executive Director

*On behalf of Louisiana Sheriffs' Pension &*
*Relief Fund*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to SEPTA are true to the best of my knowledge.

Executed this 9th day of September, 2024.


*Gino Benedetti*

_____
Gino Benedetti, General Counsel

*On behalf of Southeastern Pennsylvania Transportation Authority*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Miami FIPO are true to the best of my knowledge.

Executed this 6th day of September, 2024.


_____
Ornel Cotéra, Chair

*On behalf of City of Miami Fire Fighters'
and Police Officers' Retirement Trust*