**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVY NIXON, Individually and on Behalf of All Others Similarly Situated, <br><br><br> Plaintiff, <br><br> v. <br><br> CVS HEALTH CORPORATION, KAREN S. LYNCH, SHAWN M. GUERTIN, and THOMAS F. COWHEY, <br><br><br> Defendants. | Case No. 1:24-cv-05303-MMG <br><br> <u>CLASS ACTION</u> |
| ORLANDO TATONE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CVS HEALTH CORPORATION, KAREN S. LYNCH, SHAWN M. GUERTIN, and THOMAS F. COWHEY, <br><br><br> Defendants. | Case No. 1:24-cv-06771-MMG <br><br> <u>CLASS ACTION</u> |

**THE PENSION FUNDS' MEMORANDUM OF LAW IN OPPOSITION TO THE**
**<u>COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 4

      A.     The Pension Funds Should Be Appointed Lead Plaintiff ...................................... 4

            1.     The Pension Funds Have The Largest Financial Interest ...........................5

            2.     The Pension Funds Satisfy The Requirements Of Rule 23.........................6

            3.     The Presumption In Favor Of Appointing The Pension Funds As Lead Plaintiff Cannot Be Rebutted ....................................................................10

      B.     The Court Should Approve The Pension Funds' Selection Of Lead Counsel...... 10

      C.     The Related Actions Should Be Consolidated...................................................... 11

CONCLUSION.......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,*
258 F.R.D. 260.................................................................................................................8

*Barnet v. Elan Corp.,*
236 F.R.D. 158 (S.D.N.Y. 2005) ....................................................................................6

*Bo Young Cha v. Kinross Gold Corp.,*
2012 WL 2025850 (S.D.N.Y. May 31, 2012) .................................................................1

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v.*
*Credit Suisse Grp. AG,*
2018 WL 1382406 (S.D.N.Y. Mar. 19, 2018) ............................................................8, 9

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.,*
2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) ...............................................................4, 5

*Clark v. Barrick Gold Corp.,*
2013 WL 5300698 (S.D.N.Y. Sept. 20, 2013)................................................................4

*Cohen v. Luckin Coffee Inc.,*
2020 WL 3127808 (S.D.N.Y. June 12, 2020) ................................................................4

*Crass v. Yalla Grp. Ltd.,*
2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021)..................................................................1

*Dookeran v. Xunlei Ltd.,*
2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).................................................................7

*In re Facebook, Inc., IPO Sec. & Derivative Litig.,*
288 F.R.D. 26 (S.D.N.Y. 2012) ...................................................................................10

*Faris v. Longtop Fin. Techs. Ltd.,*
2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ................................................................10

*Freudenberg v. E*Trade Fin. Corp.,*
2008 WL 2876373 (S.D.N.Y. July 16, 2008) ................................................................2

*Goldenberg v. NeoGenomics, Inc.,*
2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023)................................................................10

*Gronich v. Omega Healthcare Invs., Inc.,*
2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018)................................................................7

*Hom v. Vale, S.A.,*
2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ...................................................................5

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 112 (S.D.N.Y. 2010) ...............................................................................8

*In re KIT Digit., Inc. Sec. Litig.*,
    293 F.R.D. 441 (S.D.N.Y. 2013) ............................................................................2, 5

*Mustafin v. GreenSky, Inc.*,
    2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ...........................................................3

*Omdahl v. Farfetch Ltd.*,
    2020 WL 3072291 (S.D.N.Y. June 10, 2020) .........................................................11

*Quan v. Advanced Battery Techs., Inc.*,
    2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011)...........................................................11

*Reimer v. Ambac Fin. Grp.*,
    2008 WL 2073931 (S.D.N.Y. May 9, 2008) ..........................................................6, 9

*Richman v. Goldman Sachs Grp., Inc.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) ...............................................................................5

*Woburn Ret. Sys. v. Salix Pharms. Ltd.*,
    2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ...........................................................5

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ................................................................................ *passim*

The Pension Funds respectfully submit this memorandum of law in opposition to the remaining competing motion for appointment as Lead Plaintiff (ECF No. 17).[1]

## PRELIMINARY STATEMENT

The Pension Funds are the presumptive Lead Plaintiff in this case by virtue of the significant losses they incurred—approximately $2.5 million as calculated under a LIFO basis—on their Class Period investments in CVS securities.  Further, as a small, cohesive partnership of three sophisticated institutional investors, the Pension Funds have demonstrated their adequacy to prosecute this case.  *See* ECF No. 18-3 ¶¶ 3, 5-6, 8, 13-16, 18.

In addition to the Pension Funds, two other class members filed motions seeking appointment as Lead Plaintiff: (1) Edith Konya ("Konya") (ECF No. 13); and (2) Lancaster Partner LLC ("Lancaster") (ECF No. 17).  Of these movants, the Pension Funds unquestionably possess the largest financial interest in this litigation.  *See Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021) ("[C]ourts have consistently held that . . . the magnitude of the loss suffered[] is [the] most significant [factor to consider in evaluating which movant has the largest financial interest].").[2]  In recognition that the Pension Funds have the largest financial interest and are otherwise typical and adequate Class representatives, Konya withdrew her motion, and Lancaster has indicated that it does not oppose the appointment of the Pension Funds as Lead Plaintiff.  *See* ECF Nos. 22, 24.  Accordingly, the Pension Funds' motion is unopposed.

---

[1] All capitalized terms are defined in the Pension Funds' opening brief, unless otherwise indicated. *See* ECF No. 16.  All emphasis is added, and all internal citations and quotations omitted unless noted.

[2] Courts typically apply the LIFO methodology to assess investment losses at the lead plaintiff stage. *See Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("[T]he overwhelming trend both in this district and nationwide has been to use LIFO.").

Indeed, as demonstrated by the chart below, the Pension Funds' loss is over three times greater than the loss claimed by the next largest movant, as calculated under a LIFO basis, and larger than the combined loss incurred by the other movants.[3]



Moreover, the Pension Funds also purchased more CVS securities on a net basis, and made larger net expenditures than the other movants combined.  In fact, Louisiana Sheriffs and SEPTA, two of the three Pension Funds, each has a larger financial interest in this case than either of the other movants.  Courts have found this fact to be determinative in considering the total financial interest of a group of investors seeking lead plaintiff appointment.  *See, e.g.*, *Freudenberg v. E\*Trade Fin. Corp.*, 2008 WL 2876373, at \*5 (S.D.N.Y. July 16, 2008) (appropriateness of appointing group of three investors was "supported by the fact that . . . [one member]'s losses alone would qualify it as the party with the largest financial interest in the litigation").

The Pension Funds also satisfy the typicality and adequacy requirements of Rule 23, and are well suited to represent all Class members.  *See In re KIT Digit., Inc. Sec. Litig.*, 293 F.R.D.

---

[3] The Pension Funds' loss is also over three times greater than the loss asserted by Lancaster, as calculated under a FIFO basis.  *Compare* ECF No. 18-2 *with* ECF No. 21-1.

2

441, 445-46 (S.D.N.Y. 2013) (a movant "need only make a preliminary showing that [Rule 23's] typicality and adequacy requirements have been satisfied").  As set forth in the Joint Declaration submitted with their motion, the Pension Funds possess the capability, experience, and commitment to oversee this litigation as a cohesive partnership and to ensure the zealous prosecution of this action in the best interests of the Class.  *See* ECF No. 18-3 ¶¶ 3, 5-6, 8, 12-15, 18; *see also Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing as lead plaintiff a group of three institutional investors that submitted a joint declaration in which they "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class").  The decision by the Pension Funds to join together to prosecute this action followed from their prior experiences working together as part of lead plaintiff groups in other securities class actions.  *See* ECF No. 18-3 ¶¶ 3, 5-6, 8, 11.  Indeed, Louisiana Sheriffs and SEPTA have previously collaborated to prosecute securities fraud claims, including a case in this District in which they served together as lead plaintiff alongside another institutional investor.  *See id*. ¶ 6.

Further, the Pension Funds are sophisticated institutional investors that fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.  The Pension Funds are committed to actively overseeing the prosecution of this litigation, and have selected Bernstein Litowitz and BFA—law firms with extensive experience prosecuting securities class actions—as Lead Counsel for the Class.

Because the Pension Funds have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, they are entitled to a strong presumption that they are the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  That presumption can only be rebutted "upon proof" that the Pension Funds are atypical or inadequate.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such "proof" exists, and there are no legitimate grounds to challenge the Pension Funds' typicality or adequacy.

As such, the Pension Funds should be appointed as Lead Plaintiff and their selection of counsel should be approved.

## ARGUMENT

### A.  The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *3-4 (S.D.N.Y. Jan. 30, 2019) (discussing the PSLRA's process for selecting a lead plaintiff).  To trigger this presumption, the movant that has the largest financial interest need only make a preliminary showing that the adequacy and typicality requirements have been met.  *See Clark v. Barrick Gold Corp.*, 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) ("In an action under the PSLRA, a moving lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.").

Once this presumption attaches, it can only be rebutted with "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *7 (S.D.N.Y. June 12, 2020) (requiring "proof that the presumptive lead plaintiff is subject to unique defenses").  The Pension Funds are the presumptive Lead Plaintiff in this action and no "proof"

exists to rebut that presumption.  Accordingly, the Pension Funds are entitled to appointment as Lead Plaintiff.

### 1.  The Pension Funds Have The Largest Financial Interest

When assessing which movant has asserted the largest financial interest, courts in this District consider a movant's loss to be the most important factor.  *See, e.g.*, *Macquarie Infrastructure*, 2019 WL 364570, at \*4 ("The magnitude of the loss is the most significant factor."); *Hom v. Vale, S.A.*, 2016 WL 880201, at \*3 (S.D.N.Y. Mar. 7, 2016) (noting that courts "place the most emphasis on . . . the approximate losses suffered" in determining the largest financial interest); *Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at \*4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").

As illustrated in the chart below, the Pension Funds' loss of approximately $2.5 million, as calculated under a LIFO basis, is over three times larger than the loss incurred by Lancaster, the movant asserting the next largest loss.  The Pension Funds also have the largest financial interest based on other factors courts consider in making that determination, having purchased the most net shares, and expended the most net funds, with those factors being multiples larger than the other movants combined:[4]

| Movant[5] | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| Louisiana Sheriffs | $1,211,609 | 74,481 | 60,081 | $5,539,960 |

---

[4] *See KIT Digit.*, 293 F.R.D. at 445 (courts apply the "*Lax/Olsten* factors" to determine which movant has the largest financial interest: (1) the total number of shares purchased; (2) the number of net shares purchased (the difference between the number of shares purchased and the number of shares sold); (3) the total net funds expended (the difference between the amount spent on shares and the amount received from the sale of shares); and (4) the approximate losses suffered); *see also Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011) (after loss, the next two most important factors are net shares purchased and net expenditures).

[5] These figures are taken from each movant's respective filing.  *See* ECF Nos. 14-3, 18-2, 21-1. Losses for the Pension Funds and Lancaster are those reported as being calculated using the LIFO

| Movant[5] | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| SEPTA | $848,216 | 41,700 | 29,300 | $2,619,157 |
| Miami FIPO | $433,269 | 29,564 | 29,564 | $2,338,408 |
| **Pension Funds** | **$2,493,094** | **145,745** | **118,945** | **$10,497,525** |
| | | | | |
| Lancaster | $785,974 | 148,296 | 16,000 | $1,622,440 |
| | | | | |
| ~~Konya~~ | $25,169 | 4,294.1 | 1,000 | $80,488 |

Further, Louisiana Sheriffs and SEPTA each individually incurred a loss that is larger than the combined loss reported by the other movants. Moreover, Louisiana Sheriffs and SEPTA each on their own purchased more net shares and expended more net funds than the other movants combined. *See Reimer v. Ambac Fin. Grp.*, 2008 WL 2073931, at *3-4 (S.D.N.Y. May 9, 2008) (appointing group of pension funds as lead plaintiff where individual members of group had greater financial interest than competing movant); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162-63 (S.D.N.Y. 2005) (appointing group of institutional investors after finding that "[t]his is simply not a case where a group of unrelated investors has been cobbled together . . . to displace a single competing institutional investor" because "two of [the group's] individual members . . . have the largest financial interest").

There can be no credible dispute that the Pension Funds have "the largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2. The Pension Funds Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the Pension Funds satisfy the typicality and adequacy requirements of Rule 23. At the lead plaintiff

---

methodology. *See* ECF Nos. 18-2, 21-1. Konya did not indicate whether she presented her loss as being calculated using either the FIFO or LIFO methodology, but appears to have used the FIFO methodology. *See* ECF No. 14-3.

stage, a movant must make only a "preliminary" showing that it satisfies Rule 23's typicality and adequacy requirements. *Gronich v. Omega Healthcare Invs., Inc.*, 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018) ("At this stage in the litigation, only a preliminary showing of typicality and adequacy is required."). The Pension Funds unquestionably satisfy both requirements.

As demonstrated in their opening brief, the Pension Funds are typical Class representatives. *See* ECF No. 16 at 7-8. Like all other Class members, the Pension Funds (1) purchased CVS securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result of Defendants' alleged fraud. *See Dookeran v. Xunlei Ltd.*, 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when the proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants"). Thus, the Pension Funds satisfy the typicality requirement.

The Pension Funds also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). The Pension Funds have submitted evidence, through a sworn Joint Declaration, demonstrating their commitment and ability to direct this litigation jointly and in the best interests of the Class. *See generally* ECF No. 18-3. The Pension Funds are dedicated to overseeing their proposed counsel's prosecution of this action, and ensuring that the action is litigated in the best interests of all Class members. *See id.* ¶¶ 9, 11-12, 18. As established by their Joint Declaration, the Pension Funds comprise a small, cohesive group of institutional investors that are capable of supervising this litigation. The Pension Funds came together of their own volition after each followed their own deliberative processes and independently determined that

7

working together with other institutional investors would allow them to maximize the recovery for the Class. *See id.* ¶¶ 9-13. Prior to filing their motion, representatives of the Pension Funds participated in a conference call to discuss their leadership of this case to ensure that it will be litigated in the best interests of all Class members. *See id.* ¶¶ 13-14; *see also Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) (appointing group of investors that submitted declaration "demonstrat[ing] their intent to participate directly in this litigation and their willingness and ability to serve as class representatives"); *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (appointing group of institutional investors that submitted declarations showing they were able to "function cohesively and to effectively manage the litigation").

The determination by the Pension Funds to jointly prosecute this case was further informed by their experience litigating securities class actions as part of groups of institutional investors and supervising the work of lead counsel. *See* ECF No. 18-3 ¶¶ 3, 5-6, 8, 11-13. Indeed, two of the Pension Funds, Louisiana Sheriffs and SEPTA, have a long-standing relationship that precedes this motion by well over a decade, having served together as lead plaintiff, alongside another institutional investor, in a prior securities class action in this District, in which they achieved a $627 million recovery for investors. *See id*. ¶ 6; *see also City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Credit Suisse Grp. AG*, 2018 WL 1382406, at *2 (S.D.N.Y. Mar. 19, 2018) (finding fact that three of the four institutional investors in group "previously served together as lead plaintiff in a PSLRA class action in this district" weighed in favor of appointing group). The decision to jointly seek appointment as Lead Plaintiff was also informed by the Pension Funds' roles as fiduciaries and their shared interests in protecting and maximizing pension fund assets. *See* ECF No. 18-3 ¶ 11. The Pension Funds fully understand

8

and accept the duties and responsibilities of the Lead Plaintiff owed to other Class members and are fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id.* ¶¶ 3, 5, 8, 14-18.

Such cooperation between institutional investors is expressly permitted by the PSLRA, and courts routinely appoint cohesive groups of class members as lead plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i); *see also Credit Suisse*, 2018 WL 1382406, at * 2 (appointing group of four institutional investors, noting that their "status as a group is no barrier to appointment as lead plaintiff" because "[a]s the statute makes clear, [g]roups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff"); *Ambac Fin. Grp.*, 2008 WL 2073931, at *3 (appointing group of three pension funds). The Pension Funds have demonstrated that they have the willingness and ability to actively oversee the prosecution of this action.

Further, there is no conflict between the Pension Funds' interests and those of the other Class members. To the contrary, the interests of the Pension Funds and other Class members are directly aligned because all suffered damages from their purchases of CVS securities at prices that were artificially inflated by Defendants' alleged misconduct. As discussed above, the Pension Funds clearly have a substantial financial interest that provides them with the incentive to ensure the vigorous prosecution of this litigation, and have the experience to prosecute this action efficiently and in the best interests of the Class. Thus, the Pension Funds have both the incentive and ability to supervise and monitor counsel.

The Pension Funds have further demonstrated their adequacy through their selection of Bernstein Litowitz and BFA—firms with significant experience prosecuting securities class actions and managing complex litigation effectively—to serve as Lead Counsel for the Class. *See*

ECF Nos. 16 at 13-14.  Accordingly, the Pension Funds have made the requisite preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### 3.  The Presumption In Favor Of Appointing The Pension Funds As Lead Plaintiff Cannot Be Rebutted

To overcome the strong presumption entitling the Pension Funds to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "proof" that the Pension Funds are atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption").  No such proof exists in this case, and there can be no credible arguments to the contrary.  Recognizing this, Konya withdrew her motion, and Lancaster does not oppose the appointment of the Pension Funds as Lead Plaintiff.  *See* ECF Nos. 22, 24.  As such, the Pension Funds' motion is unopposed.

Because the Pension Funds have met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions.  *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

### B.  The Court Should Approve The Pension Funds' Selection Of Lead Counsel

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval.  The Court should not disrupt the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *6 (S.D.N.Y. Oct. 2, 2023) ("There is a strong presumption in favor of approving a properly-selected

10

lead plaintiff's decision as to counsel."). The Pension Funds have selected Bernstein Litowitz and BFA as proposed Lead Counsel for the Class. Bernstein Litowitz and BFA are among the premier securities class action law firms in the country and each firm has a long history of successfully prosecuting federal securities class actions. *See* ECF Nos. 18-3, 18-6. Bernstein Litowitz and BFA also have experience successfully working together as co-lead counsel in other securities class actions, including a case in this District in which they achieved a $234 million recovery for investors. *See* ECF No. 16 at 14. This prior experience demonstrates that Bernstein Litowitz and BFA are eminently qualified to represent the Class in this action. *See id*. at 13-14. Accordingly, the Court should approve the Pension Funds' selection of Bernstein Litowitz and BFA as Lead Counsel for the Class.

### C. The Related Actions Should Be Consolidated

All movants agree that consolidation of the Related Actions is appropriate. *See* ECF Nos. 14 at 5-6; 16 at 14-15; 20 at 6-7. Accordingly, the Related Actions—which present identical factual and legal issues arising out of the same alleged misconduct by the same Defendants— should be consolidated pursuant to Rule 42(a). *See Omdahl v. Farfetch Ltd.*, 2020 WL 3072291, at *1 (S.D.N.Y. June 10, 2020) (consolidating two securities class actions despite differences in claims and class periods, because the cases "present sufficiently common questions of law and fact" and "the differences do not outweigh the interests of judicial economy served by consolidation"); *Quan v. Advanced Battery Techs., Inc.*, 2011 WL 4343802, at *1 (S.D.N.Y. Sept. 9, 2011) (consolidating related actions that "involve[d] securities claims brought on behalf of purchasers of [the company's] securities during the Class Period").

### CONCLUSION

For the reasons discussed above and in their opening brief, the Pension Funds respectfully request that the Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of Bernstein

11

Litowitz and BFA as Lead Counsel for the Class; (3) consolidate the Related Actions pursuant to Rule 42(a); and (4) grant any other relief that the Court may deem just and proper.

Dated: September 24, 2024

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Hannah Ross*
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas, 44th Floor
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

**BLEICHMAR FONTI & AULD LLP**
Javier Bleichmar
Erin H. Woods
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1341
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com
ewoods@bfalaw.com

-and-

Ross Shikowitz
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

*Counsel for Proposed Lead Plaintiff the Pension Funds and Proposed Lead Counsel for the Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner

12

Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Louisiana Sheriffs'
Pension & Relief Fund and City of Miami
Fire Fighters' & Police Officers' Retirement
Trust*

**KEHOE LAW FIRM, P.C.**
John A. Kehoe
2001 Market Street
Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 992-6676
jkehoe@kehoelawfirm.com

*Additional Counsel for Southeastern
Pennsylvania Transportation Authority*

13