

George N. Bauer
212-789-3602 Direct
212-205-3960  Fax
gbauer@bfalaw.com

April 26, 2025

**VIA ECF**

Honorable Margaret M. Garnett
Southern District of New York
40 Foley Square, Courtroom 906
New York, New York 10007

Re:    *Nixon v. CVS Health Corporation et al, Case No. 1:24-cv-05303-MMG*

Dear Judge Garnett:

We write on behalf of Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund, Southeastern Pennsylvania Transportation Authority, and City of Miami Firefighters' and Police Officers' Retirement Trust (together, "Lead Plaintiffs"), in response to the Defendants' April 25, 2025, letter-motion seeking permission to expand this Court's word count limits in connection with Defendants' anticipated motion to dismiss to file an opening brief of 13,500 words and a reply of 5,400 words.  (ECF No. 49.)

Lead Plaintiffs oppose Defendants' request, which seeks to expand the default word counts under this Court's Individual Rules and Practices and Local Civil Rule 7.1 by ***more than 54%***.

It is regrettable that Defendants felt the need to burden the Court with this issue, since Lead Plaintiffs offered several reasonable compromises to accommodate Defendants' demands for longer briefing.  After Defendants had initially proposed 14,000 words for the opening brief and 5,600 for the reply, Lead Plaintiffs suggested 10,000/4,000 words, after which Defendants suggested 12,500/5,000 words.  Most recently, Lead Plaintiffs offered 11,000/4,500 words as a reasonable compromise.  That was at 8:57 pm ET on Thursday, April 24, 2025.  At 2:01 pm ET on Friday, April 25, 2025, Defendants suddenly filed this motion without responding to Lead Plaintiffs' offer, or otherwise indicating not only that they would raise the dispute with the Court but that they would reverse their position and seek ***more*** than they had most recently proposed to Lead Plaintiffs.



Honorable Margaret M. Garnett
April 26, 2025
Page 2

In any case, Defendants offer no support for their current request.  While they refer to the page and paragraph counts of the Amended Complaint, they neglect to mention that Lead Plaintiffs' allegations are straight-forward claims under the Securities Exchange Act of 1934 against CVS and certain current and former CVS officers.  Nor do Defendants indicate that they intend to raise any complex legal issues in their motion to dismiss besides garden-variety arguments.

Defendants' list of cases is also not persuasive.  Defendants claim that courts "routinely" bypass the default word limits for motions to dismiss securities class action complaints, but none of Defendants' cited authorities resemble the instant action.  *See, e.g.*, *Lokman* v. *Azure Power Global Ltd., et al.,* No. 22-cv-07432, ECF No. 80 (S.D.N.Y.) (pleading approximately 50 alleged misstatements—or more than three times the number of statements pled in the instant action); *Damri* v. *LivePerson, Inc., et al.,* No. 23-cv-10517, ECF No. 27 (S.D.N.Y.) (alleging violations of Item 303 of Regulation S-K—unlike here—and pleading approximately 40 alleged misstatements); *In re Nokia Corp. Sec. Litig.,* No. 19-cv-03509, ECF No. 47 (S.D.N.Y.) (pleading approximately 50 alleged misstatements); *In re Sprinklr, Inc. Sec. Litig.,* No. 24-cv-06132, ECF No. 42 (S.D.N.Y.) (pleading, unlike the instant action, nearly 20 misstatements and insider trader allegations); *In re Eastman Kodak Co. Sec. Litig.,* No. 21-cv-06418, ECF No. 116 (W.D.N.Y.) (pleading claims against ten defendants—double the number of defendants in the instant action).

Defendants' cases also ***all*** involved requests that were either unopposed, consented to, or joint.  Here, Lead Plaintiffs likewise sought to reach a reasonable compromise and present the issue to the Court jointly.  But Defendants short-circuited the process, choosing instead to needlessly burden the Court with an excessive request.

In sum, Lead Plaintiffs respectfully oppose Defendants' request.  At most, Lead Plaintiffs' proposed compromise of 11,000 words for opening/opposition briefs and 4,500 for reply is more than sufficient.  We appreciate the Court's attention to this matter and are available at the Court's convenience should Your Honor have any questions.

Respectfully Submitted,

*/s/ George N. Bauer*

George N. Bauer

cc:  All counsel of record via ECF