**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LOUISIANA SHERIFFS' PENSION AND RELIEF FUND, SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, and CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on behalf of All Others Similarly Situated,

Plaintiffs,

v.

CVS HEALTH CORPORATION, KAREN S. LYNCH, SHAWN M. GUERTIN, BRIAN A. KANE, and THOMAS F. COWHEY,

Defendants.

Case No. 1:24-cv-05303-MMG

PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, all other interested persons with actual or constructive notice of this Order, and all persons to whom Confidential Discovery Material (as defined herein) is disclosed pursuant to this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual;

e. any health information ("Confidential Health Information")[1] that identifies an individual or subscriber and relates to the past, present, or future physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or payment for such health care;

f. previously nondisclosed trade secrets, commercially sensitive information, proprietary methods, processes, formulas, technical information, customer information, product information, research, or data;

g. information required by law or agreement to be kept confidential; or

h. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" each page of the protected portion in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Designation of such testimony or exhibits as Confidential information must be made either (i) by statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice to counsel for the deponent and counsel of record in this Action within twenty (20) calendar days after receipt of the final transcript. Only those portions of the testimony that are designated as Confidential information by one of the means set forth in the preceding sentence shall remain covered by the provisions of this Order after the expiration of the twenty (20) day period. Confidential information that is

[1] Confidential Health Information includes claims, claim forms, grievances, appeals, and other documents or records containing patient health information required to be kept confidential under applicable federal or state law, including HIPAA and its implementing regulations. It also includes personal, geographic, contact, financial, medical, biometric, photographic, online, and other subscriber, patient, or member identifiers. For the avoidance of doubt, this protective order is a "qualified protective order" under HIPAA.

marked as an exhibit during a deposition shall be treated as Confidential information at all times. All deposition testimony shall initially be treated as Confidential information until the expiration of twenty (20) calendar days after receipt of the final transcript.

5. For testimony given in other pretrial or trial proceedings before the Court, the party or non-party desiring to protect any material that is Confidential shall be responsible for raising the issue with the Court in advance, to the extent practicable, and requesting appropriate protections in accordance with the Court's procedures, including, where appropriate, the sealing or redaction of the relevant transcript.

6. For information produced in some form other than documentary evidence, the producing person must affix the Legend in a prominent place on the exterior of the item, or the container or containers in which the item is stored. If only portions of the item warrant protection, the producing person, to the extent practicable, shall identify the protected portions with the Legend, and shall otherwise notify the receiving party in writing of the portions of the item warranting protection.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, that person may so designate by so apprising all parties in writing, within ten (10) business days following discovery by counsel of record that the document or information has been produced without such designation, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author(s), its addressee(s), and any other person indicated on the face of the document as having received a copy of the document or previously having access to the Confidential information therein in the normal or authorized course of business;

d. any witness who testifies at trial or deposition in this action or who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, including any counsel for such witness, provided that such persons are informed of this Order and that within sixty (60) calendar days of the final disposition of this

action, the witness and the witness's counsel shall promptly return to the producing person, or upon permission of the producing person, destroy, all Discovery Material designated as "Confidential," and all copies thereof;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and the supporting staff for such person, provided such person and their staff has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. any person or entity retained by a party or its counsel to provide litigation support services, including document review, e-discovery, hosting, consulting, or other specialized services in connection with this action, provided that such person or entity has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. any officer before whom a deposition is taken, including stenographers engaged to transcribe depositions conducted in this action, videographers, and any necessary secretarial, clerical or other personnel of such officer;

h. any agreed-upon or ordered mediator and that mediator's personnel;

i. the Court and its support personnel; and

j. any other person agreed to by the Parties.

9. Any Discovery Material designated by the producing person as Confidential may not be uploaded to any public or consumer facing Large Language Model ("LLM") or Artificial Intelligence ("AI") platform. Use of such generative AI systems is permitted only with an authorized, secure enterprise system that does not retain the material, use it to train or improve any model, or otherwise make the material accessible to other users of the LLM or AI platform not authorized to receive such materials. Any resulting output remains subject to this Protective Order. For avoidance of doubt, any output or result generated by outside counsel's use of a permissible generative artificial intelligence tool that contains, reflects, incorporates, or is derived from Discovery Material designated by the producing person as Confidential during and in connection with this Action will be deemed attorney work product. The attorney-work-product protections set forth in this Paragraph include any prompts, queries, instructions, inputs, outputs, logs, model or tool settings, and similar materials created by or at the specific direction of counsel in connection with this action. Nothing in this Paragraph limits any disclosure required by Rule 26(a)(2) or the Court's authority to order disclosure for good cause. The Parties will disclose and meet and confer in good faith regarding the use of any technology or methodology such as predictive coding and technology-assisted review that is used to eliminate documents from the production set in response to a discovery request.

10. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. All documents, materials, and information produced or disclosed in this action, including Confidential Health Information, shall be used solely for purposes of prosecuting, defending, or attempting to settle this action, including any appeals, and for no other purpose; provided that, other than with respect to Confidential Health Information, this Paragraph 19 shall not apply to documents, materials, and information that are publicly available otherwise than due to a violation of this Protective Order.

20. Any party serving a subpoena or discovery request on a non-party shall include a copy of this Protective Order with the subpoena or request. A non-party who produces Discovery Material in connection with this action may designate such materials under this Order and shall be entitled to the same protections as if they were a party for purposes of this Order.

21. If a non-party designates Discovery Material as Confidential under this Order, the obligations owed to the non-party as a producing person shall be the same as those owed to any other producing person, including all notice, meet-and-confer, and consent requirements. If a party receives a subpoena or other legal process requiring disclosure of Confidential Discovery Material produced by another person, the recipient shall promptly notify the producing person and provide a copy of the subpoena or other legal process. The recipient shall not produce the Confidential Discovery Material before the producing person has had a reasonable opportunity to seek protection, unless otherwise required by law or court order. Nothing in this Protective Order shall be interpreted to obligate the receiving party to violate any subpoena or legal process or to seek a protective order or other remedy.

22. This Protective Order shall survive the termination of the litigation. Within sixty (60) calendar days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding anything to the contrary, counsel of record for the parties may retain in a secure manner all pleadings, motion papers, discovery responses, deposition transcripts, deposition and

trial exhibits, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Confidential information; provided, however, that this retention provision shall not apply to Confidential Health Information, which shall be returned or destroyed (including all copies made) in compliance with 45 C.F.R. § 164.512(e)(1)(v).

23. Nothing in this Protective Order shall prevent a party from using or disclosing its own Confidential information for any purpose.

24. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25. This Protective Order shall be binding upon any future party to the Action.

26. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

**SO STIPULATED AND AGREED.**

DATED: October 27, 2026

_/s/ Katherine M. Sinderson_
Katherine M. Sinderson
Salvatore J. Graziano
Jonathan G. D'Errico
Prachi Patel
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1400
Fax: (212) 554-1444
katiem@blbglaw.com
salvatore@blbglaw.com
jonathan.derrico@blbglaw.com
prachi.patel@blbglaw.com

*Lead Counsel for the Class and for Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund, Southeastern Pennsylvania Transportation Authority (SEPTA), and City of Miami Fire Fighters' and Police Officers' Retirement Trust*

_/s/ Joseph A. Fonti_
Joseph A. Fonti
Erin H. Woods
George Bauer
David Leopard
**BLEICHMAR FONTI & AULD LLP**
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1341
Facsimile: (212) 205-3960
jfonti@bfalaw.com
ewoods@bfalaw.com
gbauer@bfalaw.com
dleopard@bfalaw.com

-and-

Evan A. Kubota
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
ekubota@bfalaw.com

_/s/ David B. Anders_
David B. Anders
Graham W. Meli
Lauren M. Kofke
Emma S. Stein
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, New York 10019
Tel.: (212) 403-1000
Fax: (212) 403-2000
dbanders@wlrk.com
gwmeli@wlrk.com
lmkofke@wlrk.com
esstein@wlrk.com

*Counsel for Defendants CVS Health Corporation, Karen S. Lynch, Shawn M. Guertin, Brian A. Kane, and Thomas F. Cowhey*

*Lead Counsel for the Class and for Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund, Southeastern Pennsylvania Transportation Authority (SEPTA), and City of Miami Fire Fighters' and Police Officers' Retirement Trust*

Robert D. Klausner
Stuart A. Kaufman
**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Louisiana Sheriffs' Pension & Relief Fund and City of Miami Firefighters' & Police Officers' Retirement Trust*

John A. Kehoe
**KEHOE LAW FIRM, P.C.**
2001 Market Street
Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 992-6676
jkehoe@kehoelawfirm.com

*Additional Counsel for Southeastern Pennsylvania Transportation Authority*

All electronic signatures ("/s/") are signed with consent of counsel pursuant to Rule 8.5 of this Court's Electronic Case Filing Rules and Instructions updated as of July 24, 2023.

**SO ORDERED.**

Date: October 30, 2026
New York, New York

MARGARET M. GARNETT
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION AND RELIEF FUND, SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, and CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION, KAREN S. LYNCH, SHAWN M. GUERTIN, BRIAN A. KANE, and THOMAS F. COWHEY,<br><br>Defendants. | Case No. 1:24-cv-05303-MMG<br><br><u>CLASS ACTION</u><br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, ________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all Confidential Discovery Material to the party or attorney from whom I received it (or, at their direction, destroy it). By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________________ ____________________________