**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISIANA SHERIFFS' PENSION AND RELIEF FUND, SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, and CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION, KAREN S. LYNCH, SHAWN M. GUERTIN, BRIAN A. KANE, and THOMAS F. COWHEY,<br><br>Defendants. | Case No. 1:24-cv-05303-MMG |

**AGREEMENT REGARDING ELECTRONIC DISCOVERY**

Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund, Southeastern Pennsylvania Transportation Authority, and City of Miami Fire Fighters' and Police Officers' Retirement Trust (collectively, "Plaintiffs"), and Defendants CVS Health Corporation, Karen S. Lynch, Shawn M. Guertin, Brian A. Kane and Thomas F. Cowhey (collectively, "Defendants" and, together with Plaintiffs, the "Parties"), hereby stipulate and agree that electronic discovery in the above-captioned case (the "Action") shall be governed by this Agreement (the "ESI Protocol"), as follows:

## I. DEFINITIONS

1. "Electronically stored information" or "ESI" shall have the same meaning as under Rule 34(a) of the Federal Rules of Civil Procedure.

2. "Producing Party" shall refer to the party producing documents or ESI in response to a formal or informal discovery request propounded by another Party.

3. "Receiving Party" shall refer to the party receiving documents or ESI.

4. Unless otherwise specified, all other terms used herein shall have the same meaning as used in the Federal Rules of Civil Procedure.

## II. GENERAL PROVISIONS

**1. Reservation of Rights**. For the avoidance of doubt, nothing in this ESI Protocol, including the obligation to meet and confer on certain matters, shall give rise to any obligation for the Parties to ultimately reach agreement on the scope or manner of discovery. To the extent the Parties have any dispute concerning discovery, including with respect to any provision set forth herein, this ESI Protocol does not prevent a Party from asserting that the application of such provision in a specific context is not proportional under Fed. R. Civ. P. 26(b)(1).

## III. COLLECTION AND SEARCH GUIDELINES

**1. De-duplication**. The Producing Party shall make reasonable efforts to remove exact duplicate documents (based on MD5 or SHA-1 hash values at the family level) across custodians and sources. All custodians of a deduplicated document must be identified in the "All Custodians" field, identifying all custodians who possessed exact copies of the document. The Parties will not de-duplicate loose electronic documents against email attachments. The Parties will not treat a document containing handwritten notes, highlighting, or any other markings as a duplicate of a non-marked or annotated version of the same document.

**2. Email Threading**. The Producing Party may utilize email threading to minimize the burden of any responsiveness or relevance review and production. The Producing Party may suppress from review and production any email that is wholly contained within a more inclusive

email in the same thread provided that the Producing Party produces the most inclusive responsive email and separately produces any less-inclusive email that has an attachment(s).

3. **System Files**. Electronically stored information may be de-NISTed using the industry standard list of such files maintained in the National Software Reference Library by the National Institute of Standards & Technology as it exists at the time of de-NISTing. Other file types may be added to the list of excluded files if they clearly do not have user-created content and by written agreement of the Parties.

4. **Zero-Byte Files**. The Parties may, but are not required to, filter out stand-alone files identified as zero-bytes in size that do not contain responsive file links or file names.

5. **Technologies**. To the extent a Party wishes to use any technology or methodology such as predictive coding or technology-assisted review to cull documents from review in response to a discovery request, that Party shall disclose its intent to use that technology or methodology, the name of the review tool, and a reasonable description of the methods it will use to exclude documents from review, and the Parties shall meet and confer in good faith regarding the use of any such technology or methodology.

6. **Metadata**. The Parties shall produce the available metadata related to each electronic document, the scope of which has been agreed upon and attached hereto as Exhibit A.

## IV. PRODUCTION FORMAT

1. **Format Generally**. Unless otherwise specified, ESI shall be produced as single-page Tagged Image File Format (TIFF) files of at least 300 DPI resolution. The page orientation (i.e., portrait or landscape) of a TIFF image file shall be the same as the underlying Document from which the TIFF image is created. The page size of a TIFF image file shall be 8.5 x 11 inches, unless

a particular document requires a different page size to render its content fully visible and reasonably usable.

**2. Color**. A Party may request replacement color images for documents originally produced in black and white if the originally produced images are impacted by the lack of color. The Receiving Party shall make the request by individual Bates number(s) and act with good faith in making requests pursuant to this section. The Producing Party shall act with good faith and not unreasonably refuse to provide replacement color images. The Parties agree to meet and confer on such requests if there is disagreement.

**3. Native Format**. The following types of ESI shall be produced in native format: (1) spreadsheet files such as Microsoft Excel (including .csv and similar files); (2) slide presentation files such as Microsoft PowerPoint; and (3) audio or video files such as .wav or .mpeg files. Additionally, a Party may request production of additional types of ESI in native format if the TIFF or JPEG version of the document is not reasonably usable, and the Producing Party will consider the request in good faith. When producing ESI in native format, the Producing Party shall provide a corresponding single-page TIFF placeholder stating "Document Produced in Native Format." The TIFF placeholder shall be branded with a Bates number meeting the requirements set forth below and any applicable confidentiality or other designation required by the Parties' agreement or the Court's order(s). The Producing Party shall name the produced version of the native electronic file with the Bates number affixed to the TIFF placeholder corresponding to the electronic file. The Producing Party also shall provide the text and metadata for the underlying electronic file, including the original file name, as explained above.

**4. Hard Copy**. Any documents that exist in hard copy form at the time of their collection will be scanned and produced electronically in the same format as non-database ESI,

and shall include document-level OCR text files. The documents should be logically unitized (i.e., distinct documents should not be merged into a single record, and a single document should not be split into multiple records). The following information shall be produced in the load file accompanying production of paper documents: (a) BEGDOC, (b) ENDDOC, (c) BEGATTACH, (d) ENDATTACH, (e) All Custodian, (f) Confidentiality, (g) Record Type, and (h) Redacted.

**5. Load Files**. The documents should be provided with Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters. The standard Concordance data load file delimiters are defined as using ASCII 094 or caret for a field separator, ASCII 124 or pipe for a text qualifier, and ASCII 013 or carriage return for a new line. Concordance-compatible image and data load files (i.e., .OPT and .DAT files) should be provided in a self-identified "Data" folder. The image and data load files shall preserve document boundaries and indicate page breaks.

**6. Text Files**. Subject to the requirements of Section IV.5, each ESI file shall be accompanied by a .DAT text file containing the delimited fields identified in Exhibit A, but no Party will have any obligation to manually generate information for the fields identified in Exhibit A. All ESI and paper documents shall be produced with a corresponding multipage text file (i.e., one .TXT file per electronic file or paper document as opposed to one text file per page). The text file for ESI shall be created by extracting text directly from the underlying native file, unless the ESI must be redacted prior to production, in which case the text file shall be generated by applying industry standard OCR technology to the redacted version of the ESI. The text file for paper documents shall also be created using industry standard OCR technology. The OCR software should maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process. The text and image load files should indicate page breaks. Each text file

shall be named with the beginning Bates number of the electronic file or paper document to which the text file relates.

7. **Bates Numbering**. For ESI that the Producing Party produces in TIFF or JPEG format, the Producing Party shall electronically brand a legible, unique Bates number onto each page, but should not include the Bates number in the extracted text of ESI. The Bates number shall, consistent with the examples in Exhibit A: (1) identify the Producing Party; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; and (3) be sequential within a given document. The Producing Party will take reasonable steps to avoid the Bates number concealing or otherwise obscuring any information from the source document. Upon notice from the Receiving Party, the Producing Party shall produce a copy that is not or less obscured.

8. **Confidentiality Legend**. For ESI that the Producing Party produces in TIFF or JPEG format, if the Producing Party is producing the ESI subject to a claim that it is protected from disclosure under the Protective Order (ECF No. 82), the Producing Party shall electronically brand the appropriate confidentiality designation onto each page of the document, but should not include the confidentiality designation in the extracted text of the ESI. The Producing Party will take reasonable steps to avoid the confidentiality designation concealing or otherwise obscuring any information from the source document. Upon notice from the Receiving Party, the Producing Party shall produce a copy that is not or less obscured.

9. **Preservation of Families**. Parent-child relationships between electronic files (e.g., the association between an attachment and its parent email, or a spreadsheet embedded within a word processing document) must be preserved by assigning sequential Bates numbers to all files within a parent-child group, and by providing accurate attachment ranges for those files in the

metadata fields identified below. Where a document family contains both privileged and nonprivileged documents, the full family will be produced. Fully privileged documents in a responsive family may be produced as single-page TIFF placeholders stating "Document Withheld for Privilege," provided that any parent emails are redacted, and not withheld entirely, based on an assertion of privilege.

**10. Embedded Files**. Subject to the reasonable capabilities and limitations of the Producing Party's e-discovery vendor and processing tools, all files embedded within other files shall be extracted and considered "child" attachments. An embedded document should be processed and produced consistent with its category of ESI, not the category of its parent document. All embedded files produced under this procedure shall be produced subject to the same requirements set forth herein. Load files for such embedded files shall refer to the parent document in which the file was embedded.

**11. Hyperlinked Documents**. For office productivity suites (*e.g.*, Microsoft 365 or Google Workspace) that allow for sharing of documents within that application suite by means of a link, the Producing Party will – to the extent feasible – undertake to collect the document to which the link points alongside the document sharing the link ("Linking Document"). Other documents or files referenced by a hyperlink or pointer within a produced document or communication ("Linked Document(s)") need not be collected or produced solely because they are referenced by such hyperlink or pointer. Upon a reasonable and specific request identifying the Linking Document by Bates number, the Producing Party shall undertake reasonable efforts to identify, collect, and produce any responsive, nonprivileged Linked Document within its possession, custody, or control. Upon such a request, the Producing Party shall use reasonable efforts to locate and produce the version of the Linked Document that existed when the Linking

Document was sent or shared. If the contemporaneous version cannot be located through reasonable efforts, the Producing Party shall produce an available version and disclose that the version produced is not the contemporaneous version.

**12. Hidden Content**. Subject to the reasonable capabilities and limitations of the Producing Party's e-discovery vendor and processing tools, to the extent that a document contains hidden content, tracked changes, comments, notes, or other similar information, it shall be imaged so that such information is captured on the produced image file (as well as in the extracted text), including:

- auto date (code information should be provided in place of date);
- track changes (the TIFF or JPEG images should show all track changes in markup form);
- hidden columns or rows;
- hidden text or worksheets;
- hidden slides or speaker notes in native PowerPoint presentations (to the extent such presentations are produced in image rather than in native format); and
- comments.

**13. Naming Conventions**. TIFF or JPEG image files shall be named according to the Bates number branded on the image (*e.g.*, ABC-000000004.jpg). For documents produced in native file format, no Bates numbering or confidentiality legend should be added to the content of the document. Instead, native files shall be named according to the Bates number identified on the document's placeholder TIFF image (*e.g.*, ABC-000000007.xlsx).

## V. EXCEPTIONS TO PRODUCTION FORMAT

**1. Encrypted Data**. If any data source or file is corrupted, password-protected, encrypted, or not readable by the Producing Party, the Producing Party shall make reasonable efforts to access the data source or file. If those efforts are unsuccessful, and the inaccessible file

is part of an otherwise responsive document family, the Producing Party shall identify the file to the Requesting Party. Upon reasonable request, the Parties shall meet and confer with regard to the protocol undertaken and potential further actions, if any.

2. **Requests for Native Production**. After the production of imaged documents, a Receiving Party may request that a Producing Party produce individual nonprivileged imaged files in native format if the imaged files (i) are unreadable or illegible, (ii) are cut-off or missing data or information, or (iii) the Receiving Party can otherwise articulate a need for production of the document in another format. In that circumstance, the Receiving Party shall provide a list of imaged documents by Bates number that it requests be produced in native file format. The Producing Party shall produce the native files for requests premised on (i)-(ii) above within seven (7) business days. If the request is premised on (iii) above, within seven (7) business days, the Producing Party shall either produce the native files or respond in writing with an explanation for why it will not produce the requested files.

3. **Structured Data**. The Parties agree to meet and confer regarding the format of production of relevant data maintained in a database.

4. **Messaging and Collaboration Tools**. For text messages and other collaboration tools (including SMS, MMS, iMessages, and other instant messages/chats, regardless of the application through which they were sent, including Google Chat, Slack, Teams, WhatsApp, Signal, Telegram, WeChat, etc.), the Parties may use available technology to split conversations into segments containing responsive communications so long as they produce sufficient surrounding context to permit the Receiving Party to understand those communications, including at minimum, all messages exchanged among the participants in any responsive communication on the same calendar day as the responsive communication. The Producing Party may redact personal

or highly sensitive nonresponsive information contained in messages produced solely to provide such context, provided that the redactions do not obscure information reasonably necessary to understand the responsive communication. The Producing Party will use its best efforts to populate the appropriate metadata fields identified in Exhibit A with information for these data sources; should the metadata for these sources not be amenable to production in the fields identified in Exhibit A, the Producing Party will provide equivalent fields for production of data from these sources, including all participant information. The Producing Party will use best efforts to preserve the presentational features of the original message, such as emojis, images, video files, animations, and the like, and use best efforts to produce any relevant contextual messages a Producing Party reasonably identifies. To the extent a Receiving Party reasonably believes additional contextual messages are necessary to understand a particular responsive message, the Receiving Party shall identify the responsive message by Bates number, and the Parties will meet and confer regarding what, if any, contextual messages exist for possible production.

**5.** **Other ESI**. If a Party identifies responsive documents or information in a form that cannot reasonably be imaged, the Parties shall meet and confer regarding the appropriate means for producing such documents or information. If the Producing Party agrees or is otherwise required to search a source of ESI not identified above, the Parties shall meet and confer regarding the appropriate collection and production formats for such ESI.

**6.** **Non-Party Documents**. A Party that issues a subpoena to a non-party ("Issuing Party") is responsible for providing to all other Parties any documents obtained pursuant to that subpoena in the form in which they were produced to the Issuing Party. The Issuing Party shall forward such production to all other Parties immediately after receipt and no later than five (5) business days after the receipt by the Issuing Party.

## VI. PRODUCTION AND DELIVERY

1. **Production Media**. The Parties may deliver productions via a secure internet transfer tool (such as an SFTP site or ShareFile). The Parties agree that productions are delivered when they are made available for download or when they are physically delivered on digital media. Each production shall be labeled with the production date, the Bates range, and a volume number, if appropriate.

2. **Security**. To maximize the security of information in transit, any production must be encrypted by the Producing Party. The Producing Party shall transmit the encryption key or password to the Receiving Party contemporaneously with sending the encrypted media.

## VII. AUTHENTICITY AND ADMISSIBILITY

1. **Authenticity**. No Party shall object that ESI produced pursuant to this ESI Protocol is not authentic based on the production parameters set forth above, including the file naming convention or the conversion of ESI to TIFF or JPEG. The Parties otherwise reserve all rights regarding their ability to object to the authenticity of documents produced in this Action.

2. **Admissibility**. Nothing in this ESI Protocol shall be construed to affect the admissibility of any document or data, or to waive any rights of any Party to make any objection as to the discoverability, admissibility, or confidentiality of any documents and information requested in this Action.

## VIII. VARIATIONS OR MODIFICATIONS

1. Any practice or procedure set forth herein may be modified by written agreement of all Parties, and no Court approval shall be required for any such mutually agreed modification. In the event a Producing Party determines that a variation or modification is appropriate or necessary to facilitate the timely and economical production of documents or ESI, the Producing

Party will notify the Receiving Party of the proposed variation or modification. Upon a reasonable request by the Receiving Party, those Parties will meet and confer in good faith to address any issues in a reasonable and timely manner prior to seeking Court intervention.

## IX. RESERVATION OF RIGHTS

**1.** A Party's failure to comply with the procedures set forth in this ESI Protocol shall not waive that Party's or any other person's right to assert that information is private, confidential, or otherwise protected.

Acknowledged and Agreed to:


<u>*/s/ Katherine M. Sinderson*</u>
Salvatore J. Graziano
Katherine M. Sinderson
Jonathan G. D'Errico
Prachi Patel
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1400
Fax: (212) 554-1444
salvatore@blbglaw.com
katiem@blbglaw.com
jonathan.derrico@blbglaw.com
prachi.patel@blbglaw.com

*Lead Counsel for the Class and for Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund, Southeastern Pennsylvania Transportation Authority (SEPTA), and City of Miami Fire Fighters' and Police Officers' Retirement Trust*

<u>*/s/ Evan A. Kubota*</u>
Joseph A. Fonti
Erin H. Woods
George Bauer
David Leopard
**BLEICHMAR FONTI & AULD LLP**
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1341
Facsimile: (212) 205-3960
jfonti@bfalaw.com
ewoods@bfalaw.com
gbauer@bfalaw.com
dleopard@bfalaw.com

-and-

Evan A. Kubota
75 Virginia Road
White Plains, New York 10603

<u>*/s/ David B. Anders*</u>
David B. Anders
Graham W. Meli
Lauren M. Kofke
Emma S. Stein
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, New York 10019
Tel.: (212) 403-1000
Fax: (212) 403-2000
dbanders@wlrk.com
gwmeli@wlrk.com
lmkofke@wlrk.com
esstein@wlrk.com

*Counsel for Defendants CVS Health Corporation, Karen S. Lynch, Shawn M. Guertin, Brian A. Kane, and Thomas F. Cowhey*

Telephone: (914) 265-2991
Facsimile: (212) 205-3960
ekubota@bfalaw.com

*Lead Counsel for the Class and for Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund, Southeastern Pennsylvania Transportation Authority (SEPTA), and City of Miami Fire Fighters' and Police Officers' Retirement Trust*

Robert D. Klausner
Stuart A. Kaufman
**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Louisiana Sheriffs' Pension & Relief Fund and City of Miami Firefighters' & Police Officers' Retirement Trust*

John A. Kehoe
**KEHOE LAW FIRM, P.C.**
2001 Market Street
Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (215) 992-6676
jkehoe@kehoelawfirm.com

*Additional Counsel for Southeastern Pennsylvania Transportation Authority*

SO ORDERED. Dated November 18, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

All electronic signatures ("/s/") are signed with consent of counsel pursuant to Rule 8.5 of this Court's Electronic Case Filing Rules and Instructions updated as of July 24, 2023

# EXHIBIT A

## METADATA FIELDS

| Field Name[1] | Description | Example / Format |
|---|---|---|
| **BEGDOC** | The Document ID number of first page of the document. | ABC-000000001 |
| **ENDDOC** | The Document ID number of the last page of a document. | ABC-000000003 |
| **BEGATTACH** | The Document ID number of the first page of the parent document. | ABC-000000001 |
| **ENDATTACH** | The Document ID number of the last page of the last attachment. | ABC-000000008 |
| **CUSTODIAN** | The primary custodian/source of a document from which the document originated. | Smith, Joe; Doe, Jane |
| **ALL CUSTODIAN** | All of the custodians/sources of a document from which the document originated. | |
| **RECORD TYPE** | The type of document / record. | Email, hard copy, loose eFile |
| **CONFIDENTIALITY** | Indication if the document has been designated as "Confidential" pursuant to any applicable confidentiality or protective order. | Confidential |
| **REDACTED** | Indication if the document has been redacted; "Yes" for redacted documents or "No" for non-redacted documents. | |
| **EMAIL SUBJECT** | The subject line of the e-mail. | |
| **EMAIL AUTHOR / FROM** | The display name and e-mail of the author of an e-mail. | Joe Smith <jsmith@email.com> |
| **EMAIL RECIPIENTS / TO** | The display name and e-mail of the recipient(s) of an e- mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL CC** | The display name and e-mail of the copyee(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL BCC** | The display name and e-mail of the blind copyee(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **FILE PATH / FOLDER** | Location of the original document / location in the ordinary course of business. This field should be populated for email, electronic files and hard copies. | Joe Smith/E-mail/Inbox Joe Smith/E-mail/Deleted Items |
| **RECEIVED DATE/TIME** | The date the document was received. | MM/DD/YYYY, HH:MM:SS |

[1] Field names can vary from system to system and even between different versions of systems. Parties are to be guided by these Field Names and Descriptions when identifying the Metadata fields to be produced for a given document pursuant to this ESI Protocol. To the extent that a Party does not produce Metadata for one of these field names, the Parties will meet and confer in good faith about the Metadata that the Parties do possess and the extent to which other Metadata information provides the substantive information for the Field Name Metadata that is not provided.

| | | |
|---|---|---|
| **SENT DATE/TIME** | The date the document was sent. | MM/DD/YYYY, HH:MM,SS |
| **EMAIL IMPORTANCE** | E-mail Importance Flag. | Normal, Low, High |
| **TIMEZONE PROCESSED** | The time zone that the data is set to when processed. | PST, CST, EST, etc |
| **FILE NAME** | The file name of a native document. | Document Name.xls |
| **FILE AUTHOR** | The author of a document from extracted metadata. | jsmith |
| **DOC TITLE** | The extracted title of the document. | Table of Contents |
| **FILE MANAGER / APPLICATION DESCRIPTION** | Native file application. | Microsoft Excel, Word, etc. |
| **FILE EXTENSION** | The file extension of a document. | XLS |
| **HIDDEN DATA** | Whether hidden exists in the doc. For example, hidden Excel cells or PowerPoint comments or slides. | Y,N,Blank |
| **FILE CREATE DATE / TIME**[2] | The date and time the document was created. | MM/DD/YYYY / HH:MM |
| | | |
| **FILE LAST MODIFICATION DATE / TIME**[3] | The date and time the document was last modified. | MM/DD/YYYY / HH:MM |
| **DATE/TIME APPOINTMENT START** | Date of calendar appointment entry. | MM/DD/YYYY, HH:MM:SS |
| **DATE/TIME APPOINTMENT END** | End date of calendar appointment entry. | MM/DD/YYYY, HH:MM:SS |
| **FILESIZE** | The file size of a document (Including embedded attachments). | Numeric |
| **MD5HASH** | The MD5 Hash value or de-duplication key assigned to a document. | |
| **NATIVE LINK** | The full path to a native copy of a document. | D:\NATIVES\ABC-00000001.xls |
| **FULL TEXT** | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers. Note: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. | D:\TEXT\ABC-00000001.txt |
| **PARTICIPANTS** | The participants of the text/chat, either by name or phone number (or both). | |
| **TEXT CODE** | The status of the text (e.g., Status: Read; Status: Sent; etc.). | |

[2] The Parties understand and acknowledge that the File Create Date / Time field may not always have reliable or accurate information.

[3] The Parties understand and acknowledge that the File Last Modification Date / Time field may not always have reliable or accurate information.